UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 05-CV-3143 (JFB) (AKT)

———————————

BRUCE WILSON,

Plaintiff,

VERSUS

MICHELLE J. PESSAH, ESQ., &
TABAT, COHEN & BLUM, LLP,

Defendants.

———————————

MEMORANDUM AND ORDER
September 15, 2006

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Bruce Wilson brings this action in diversity against the matrimonial attorneys of his now ex-wife alleging violations of "deceitful behavior, and gross professional misconduct," in violation of New York State law. (*See* Compl. ¶ 4.). Defendants move for summary judgment. For the reasons that follow, defendants' motion for summary judgment is denied without prejudice to defendants complying with this Court's Local Civil Rules.

I. PROCEDURAL HISTORY

Plaintiff filed a complaint in this action on June 29, 2005. At a discovery conference on September 9, 2005, Magistrate Judge Orenstein stayed discovery. On October 20, 2005, defendants moved for summary judgment. *Pro se* plaintiff did not file an opposition, and on April 19, 2006, Judge Seybert granted plaintiff additional time, until May 15, 2006, to file an opposition. On May 25, 2006, this case was reassigned to this Court. Based on a review of the docket sheet, *pro se* plaintiff has not only failed to file an opposition to defendants' motion, but he has failed to communicate in any manner with the Court.

II. DISCUSSION

The Court notes that defendants have moved under Fed. R. Civ. P. 56. In doing so, they failed to comply with Local Rule 56.1. According to the relevant part of the Rule,

which is applicable in United States District Courts for the Eastern and Southern Districts of New York:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends that there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Local Civil Rule 56.1(a). Further, defendants failed to comply with Local Rule 56.2. The relevant part of that Rule, entitled "Notice to Pro Se Litigants Opposing Summary Judgment," requires:

> Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To Pro Se Litigant Opposing Motion For Summary Judgment" in the form indicated below . . . .
>
> The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e) . . . . The full text of Rule 56 is attached.

Local Civil R. 56.2. "[T]he Second Circuit has cautioned that a district court may grant [summary judgment] only if the *pro se* party has received notice that failure to respond to the motion 'will be deemed a default.'" *Gillum v. Nassau Downs Regional Off Track Betting Corp. of Nassau*, 357 F. Supp. 2d 564, 568 (E.D.N.Y. 2005) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 349 (E.D.N.Y. 2003) (denying motion for summary judgment without prejudice for failure to comply with Local Rule 56.2). "[T]he absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic." *Perry v. State Ins. Fund*, No. 01 Civ. 3590 (DRH) (WDW), 2006 WL 770592, at 1 (E.D.N.Y. March 23, 2006) (quoting *Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001)). As defendants failed to serve Notice as required under Local Civil Rule 56.2, defendants motion for summary judgment is denied without prejudice to defendants refiling their motion in compliance with Rule 56.2.

Defendants also failed to submit a Local Civil Rule 56.1 Statement. Although the Court has the discretion to overlook this oversight, because the Court is allowing defendants to re-file their summary judgment papers, the Court directs that they submit a Local Civil Rule 56.1 Statement when they re-file their summary judgment motion. *See Ostroski v. Town of Southold*, — F. Supp. 2d —, 2006 WL 2053761, at *3 (E.D.N.Y. July 21, 2006) (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 63, 73 (2d Cir.2001) (citations omitted)); *see also Photopaint Technologies,*

*LLC v. Smartlens Corp.*, 335 F.3d 152, 156 n.2 (2d Cir. 2003); *Williams v. R.H. Donnelley, Inc.*, 199 F. Supp. 2d 172, 174 n.1 (S.D.N.Y. 2002).

### III. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is DENIED without prejudice to defendants refiling their motion in compliance with Local Civil Rule 56.2. Defendants motion for summary judgment shall be filed no later than September 29, 2006. *Pro se* plaintiff shall file his opposition papers no later than October 27, 2006. If opposition papers are filed, defendants shall file reply papers no later than November 10, 2006. Unless either party requests oral argument by November 10, 2006, the Court will consider the matter based upon the parties' submissions. It is further ordered that if *pro se* plaintiff fails to file opposition papers or seek an extension of time by October 27, 2006, no reply shall be filed, and this Court will deem the motion fully submitted.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: September 15, 2006
Central Islip, NY

\* \* \*

Plaintiff is *pro se*. Defendants are represented by Michelle J. Pessah, Esq., Tabat, Cohen & Blum, LLP, 500 Suffolk County Office, 500 Montauk Highway, Suite N, West Islip, New York 11795.