```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
BRUCE WILSON,                      :
                                   :
            Plaintiff,             :     ORDER
                                   :     05-CV-3143 (JFB)(AKT)
        – against –                :
                                   :
MICHELLE J. PESSAH, ESQ., and TABAT,:
COHEN & BLUM, LLP,                 :
                                   :
            Defendants.            :
                                   :
-----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On March 8, 2007, this Court granted defendants' unopposed motion for summary judgment as to all of plaintiff's claims. After issuing its decision, this Court received an "Interim Response to Defendant's Motion" from plaintiff *pro se* on March 13, 2007. For the reasons set forth below, plaintiff's belated response is construed as a motion for reconsideration and is denied.

<u>Background</u>

Plaintiff filed a complaint in this action on June 29, 2005. On October 20, 2005, defendants moved for summary judgment. Plaintiff did not file an opposition, and on April 19, 2006, Judge Seybert granted plaintiff additional time, until May 15, 2006, to file an opposition. Again, plaintiff failed to submit an opposition to defendants' motion. On May 25, 2006, the case was reassigned to this Court. By Memorandum and Order dated September 15, 2006, this Court denied defendants' unopposed motion for summary judgment without prejudice. Specifically, the Court dismissed defendants' motion because it failed to comply with Local Civil Rules 56.1 and 56.2 requiring defendants, respectively, to submit a statement of material facts with their

motion and to serve a "Notice to Pro Se Litigants Opposing Summary Judgment" upon plaintiff along with their motion. (*See* Memorandum and Order dated Sept. 15, 2006.)

On September 29, 2006, defendants filed a second motion for summary judgment which complied with the directives of this Court's previous order. Along with the motion, defendants served on plaintiff, pursuant to Local Civil Rule 56.2, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" that instructed plaintiff, *inter alia*, that "[t]he claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion. . . . If you do not respond to the motion for summary judgment on time . . . the court may accept defendant's factual assertions as true." (Notice to Pro Se Litigant dated Sept. 28, 2006, at 2.) This action provided actual notice to plaintiff of the consequences of non-compliance with the requirements of Rule 56.

Subsequently, plaintiff failed to submit a response to defendants' motion by October 27, 2006 – the deadline set forth in the September 15, 2006 Order. In an Order dated February 14, 2007, the Court afforded plaintiff an additional opportunity to explain his failure to respond to the instant motion. Plaintiff responded to that Order by requesting an additional five days, to February 28, 2007, to prepare and to submit his response to defendants' motion. In an abundance of caution, the Court afforded plaintiff an additional seven days, until March 2, 2007, to submit his response. Plaintiff failed to meet the deadline set by the Court or to offer any explanation for that failure. Thus, on March 8, 2007, this Court considered defendants' motion to be unopposed and issued a Memorandum and Order granting the motion and dismissing plaintiff's claims. (*See* Memorandum and Order dated March 8, 2007.)

On March 13, 2007, this Court received a six-page document from plaintiff dated March 8, 2007 and labeled as "Plaintiff's Interim Response to Defendant's Motion for Summary

Judgment and Affidavit of Plaintiff" ("plaintiff's response").  In the document, plaintiff asserts that he is "unwilling to submit a formal response to Defendant's Motion for Summary Judgment until the Administrative Branch [i.e., the Internal Revenue Service] has the opportunity to consider and respond to Plaintiff's invitation" to review the instant case.  (*See* Pl.'s Response at 2.)  Moreover, plaintiff asserts that the proceedings in other cases filed in state courts in New York and elsewhere will "produce new evidence and documents with which to comply with Rule 56 requirements in the instant litigation."  (*Id.* at 3.)  As such, plaintiff requests a "revised timeline" for the instant motion and requests, "at a maximum, a further six months" to respond.  (*Id.* at 5.)

## Discussion

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b).  The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied."  *Herschaft v. New York City Campaign Finance Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted).  A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."  *Id.* at 284 (quotation omitted).  Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice."  *Id.*  Similarly, Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked."  *See also Black v. Diamond*, Nos. 05 Civ. 0785, 05 Civ. 1669, 2006 U.S. App. LEXIS 1519, at *5 (2d Cir. Jan. 19, 2006) ("To merit reconsideration, a movant must point to law or facts overlooked by the court in

its initial ruling."); *Medoy v. Warnaco Emp. Long Term Disability Ins. Plan*, No. 97 Civ. 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

Here, plaintiff has not pointed to any controlling decisions or evidence that this Court overlooked. In addition, plaintiff fails to argue that he is entitled to relief from the Court's order due to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or some other exceptional or extraordinary circumstance. Instead, plaintiff merely requests yet another extension of time to offer a response to defendants' motion. Accordingly, the Court finds that plaintiff fails to demonstrate that reconsideration is warranted and, thus, plaintiff's request for reconsideration of this Court's March 8, 2007 Memorandum and Order is denied in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2007
Central Islip, NY